Syllabus.

## MARY MAXWELL BROWN *v.* JOHN WALKER.

## No. 1075.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.
### HON. C. W. ASHFORD, JUDGE.

ARGUED APRIL 19, 1918.                    DECIDED APRIL 26, 1918.

### COKE, C. J., QUARLES AND KEMP, JJ.

EQUITY—*decree—certainty*.

A decree in equity foreclosing a mortgage securing a note payable in instalments which sets forth the note *in haec verba*, finds that the first instalment thereof is due and unpaid, and finds that the conditions of the mortgage had been broken by the nonpayment of the note, is not void for uncertainty.

EXECUTION—*equity—jurisdiction*.

An execution may issue upon a decree for money rendered in a suit in equity where the court rendering the decree had jurisdiction of the subject-matter of the suit and of the parties.

EQUITY—*lease—relief from forfeiture—damages*.

Equity having jurisdiction to relieve from a forfeiture for nonpayment of rent, water and sewer rates, the decree properly offset the rental value of the demised premises during the time they were withheld by the lessor from one who had purchased the leasehold at execution sale and tendered the rent due, against the rent in arrears.

EVIDENCE—*impeaching and supporting witness*.

Evidence is not admissible to prove that the reputation of a witness for truth and veracity is good where there has been no attempt to impeach him by showing that his reputation for truth and veracity is bad.

OPINION OF THE COURT BY QUARLES, J.

August 22, 1911, the respondent leased certain premises in Honolulu to one H. Mirikidani for a term of ten years at a rent reserved of $50 per month payable the first day

of each month.   February 5, 1917, the leasehold interest
conveyed to said lessee by the said lease was sold at exe-
cution sale and purchased by one R. C. Smead who re-
ceived a bill of sale for the same from the sheriff and
who on the 14th day of February, 1917, by bill of sale
sold and transferred the said leasehold interest to plain-
tiff.   The respondent claiming a forfeiture for nonpayment
of rent the plaintiff on March 9, 1917, filed her bill of
complaint in equity seeking to have the said forfeiture
nullified, asking to be permitted to pay the rent in arrears
which she alleged to be three months' rent amounting to
$150, and seeking to restrain the respondent from enforc-
ing or attempting to enforce a forfeiture of the leasehold
*pendente lite* and for such other relief as the plaintiff in
equity may be entitled.   The plaintiff's bill, after alleging
the other necessary probative facts, alleges: "That on
February 14, 1917, the respondent reentered the premises
covered by Exhibit A (the lease) and declared that the
leasehold estate thereby created was forfeited for non-
payment of rent."   The answer of respondent admits the
execution of the lease, denies the reentry and alleged for-
feiture in February, 1917, but alleges a reentry and for-
feiture of said leasehold by respondent in March, 1916, and
alleges an occupancy of the premises by said Mirikidani
since March, 1916, as a tenant at will of respondent.   The
bill alleges and the answer admits a tender on behalf of
the plaintiff to the respondent of the sum of $150 rent in
arrears made on or about the 23d day of February, 1917.
The answer alleges that the plaintiff did not succeed to
the said leasehold, that it was terminated in March, 1916,
and that the plaintiff has no interest in the premises.
On hearing the trial judge, sitting at chambers in equity,
found that on February 14, 1917, there was due to the
respondent the sum of $150 rent; that respondent has

withheld from the plaintiff the demised premises since the 14th day of February, 1917; that the rental value of the premises per month, plus the water rates, is $75; that plaintiff is entitled to relief against the pretended or attempted forfeiture, and a decree was entered in accordance with the findings decreeing the respondent entitled to rent, water and sewer rates paid by him and which the lessee was to pay under the terms of the lease, in the sum of $255.75, and decreeing the plaintiff entitled to damages in the sum of $216.50 up to and including November 5, 1917, and that the forfeiture be annulled and the plaintiff have possession of the leasehold premises.

From the decree the respondent has appealed assigning a number of errors which we deem unnecessary to treat *seriatim.* The plaintiff introduced in evidence the record in a mortgage foreclosure suit instituted by her June 2, 1916, against said Mirikidani in which she obtained a decree of foreclosure, and after sale of the mortgaged property and application of the proceeds of the sale to the costs, expenses and mortgage debt, she was awarded a decree for a deficiency in the sum of $1696.60, and which was entered. Upon said deficiency decree an execution was issued but same was thereafter returned unsatisfied after which an *alias* execution issued on the deficiency decree and the same was levied upon the said leasehold interest which was sold at execution sale and purchased by said Smead who sold and assigned to the plaintiff.

One of the principal errors assigned and upon which others depend is that the decree of foreclosure mentioned was and is void for the reason that the amount of the mortgage debt was not definitely found or fixed therein. It is admitted that the court rendering the decree had jurisdiction of the subject-matter and of the parties. We have examined the decree and while it is not in proper

form it does fix the amount of the indebtedness for which a foreclosure was decreed. It sets forth *in haec verba* a copy of the note for $2850 payable by its terms as follows: May 31, 1916, $250 with interest at six per cent. per annum; May 31, 1917, and each year following not less than $200 and interest as aforesaid until the whole amount with interest shall have been paid. The court found in the decree of foreclosure that the first payment had not been made but defaulted and by reason of the nonpayment of the note the conditions of the mortgage were thereby broken and decreed a foreclosure. The defendant did not appear, although summoned, and was defaulted. The deficiency judgment was properly entered. It will be noticed that the attack upon the decree of foreclosure is collateral but the respondent correctly claims that if the decree of foreclosure is void for uncertainty, as he claims it to be, he may attack it collaterally. We do not think the decree is void and hold it to be good against a collateral attack. A decree in equity foreclosing a mortgage securing a note payable in instalments which sets forth the note *in haec verba,* finds that the first instalment thereon payable is past due and unpaid, and finds that the conditions of the mortgage have been broken by the nonpayment of the note, is not void for uncertainty. The decree of foreclosure was for the whole amount of the mortgage note with interest thereon.

It is also contended by respondent that the execution under which the leasehold was sold was void and unauthorized and that an execution cannot legally issue upon a decree in equity. If this contention is correct the result would be that in every foreclosure case, where the mortgagor obtains a decree for a deficiency remaining after exhausting his security, he would have to bring an action at law upon the deficiency decree before he could enforce

it. We hold otherwise. An execution may issue upon a decree for money rendered in a suit in equity where the court rendering the decree has jurisdiction of the subject-matter and of the parties.

The second assignment of error is that the court erred in holding and deciding that the respondent had not declared a forfeiture in March, 1916. The correctness of this assignment is to be decided upon the evidence. In March, 1916, the lessee Mirikidani was in arrears of rent two months or to the extent of $100 for the months of February and March. While testifying in his own behalf the respondent stated that on March 18, 1916, he went to see Mirikidani and told him the lease was *pau* and that he must get out and that Mirikidani said he would do so but failed to do so and that he (respondent) saw Mirikidani afterwards from time to time about rent that was due and unpaid and later asked Mirikidani why he did not get out, who gave the excuse that he could not get another house. Mirikidani testified that the respondent never informed him that the lease was terminated until after the plaintiff purchased the lease; that after the leasehold was sold and purchased by the plaintiff he received a writing — a paper — from plaintiff and took it to the respondent who examined it and said: "Never mind about this paper, you remain here under the old lease; you will have no *pilikia,* no trouble." Mirikidani testified that this conversation with the respondent was about two weeks after the plaintiff purchased the lease. He also testified that the respondent received rent from him two or three times after the plaintiff bought the lease and then refused to accept further rent and took his copy of the lease and his receipts for rent and asked him to go to the office of Mr. Peters (counsel for respondent) and tell him that the lease was *pau* or ended; that respondent then said to

witness that the lease is *pau;* that this conversation was about two weeks after plaintiff had purchased the lease and that respondent had not told him (Mirikidani) that the lease was terminated or *pau* before that time; that he went to Mr. Peters' office after this suit was brought, at the request of respondent, and told Mr. Peters that the lease was *pau;* that he (witness) then knew that this suit had been brought. The receipts for rent were presented at the hearing by the respondent. There was competent evidence to show that the rental value of the property is $75 per month introduced without objection on the part of respondent. The evidence tending to show that the respondent reentered and terminated the lease on March 18, 1916, consists alone of respondent's statement and is flatly contradicted by Mirikidani. The evidence tending to show when respondent claimed the forfeiture and attempted to terminate the lease is contradictory and depends upon the direct evidence of the respondent on the one side and the witness Mirikidani on the other with the circumstances favoring the testimony of the latter. We think that on this point the trial judge was justified in finding the facts in favor of the plaintiff. An inspection of the receipts for rent which were introduced in evidence shows that the lessor did not require the prompt payment of rent on the day the same was due, the first of each month, but the rent was generally paid after the first and sometimes towards the close of the month or even after the expiration of the month. According to the evidence of Mirikidani the respondent did not claim a forfeiture of the lease for nonpayment of rent until after the plaintiff had acquired the leasehold, which was in February, 1917, when respondent told him the lease was *pau.* The actions of the respondent and the circumstances corrobrate the testimony of Mirikidani. He, as original lessee, had sublet a por-

tion of the premises, one of the two storerooms, at a rental of $35 per month, and continued to collect this rent, and with $15 additional (for what appears to be half of the demised premises) paid the rent under the lease until after plaintiff had bought the leasehold when respondent commenced to collect the $35 per month from the sub-tenant and $25 from Mirikidani, that is, since February 14, 1917.

One of the errors assigned is that the plaintiff is not entitled to any reduction from rents, water and sewer rates that were in arrears by the withholding of the premises by respondent for the reason that the prayer of the bill did not ask for such relief. There was a general prayer in the bill "that other relief be afforded the petitioner to which in equity she may be entitled." There was no allegation in the bill as to the rental value of the demised premises but evidence showing the rental value of the same to be $75 per month was introduced without objection. Under all of the proven circumstances the rent reserved, which was in arrears, and charges for water and sewer rates paid by respondent, were properly reduced by the rental value of the demised premises during the time they were withheld by respondent from the plaintiff. Equity having jurisdiction to relieve from a forfeiture for nonpayment of rent reserved and water and sewer rates the decree properly offset the rental value of the demised premises during the time they were withheld by the lessor from one who had purchased the leasehold at an execution sale and tendered the rent due.

One of the assignments of error is that the court refused to admit evidence of witnesses to prove that the respondent's reputation for truth and veracity is good. There had been no attempt to impeach the respondent by showing that his reputation for truth and veracity was

bad, hence evidence to show that it was good was properly rejected.

We have examined the other assignments of error and find none of them sustained by the record and find no reversible error therein.

The decree appealed from is affirmed.

*J. T. DeBolt* for plaintiff.

*E. C. Peters* for respondent.